UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RYNE SHETTERLY,

                Plaintiff,

              -v.-

LEE BIENSTOCK; MICHAEL BURDIEK;
ANTHONY CAPONE; STEVEN KATZ; VINA M.
LEITE; ANDRE OBERHOLZER; NORMAN
ROSENBERG; IRA SMEDRA; ELY D. TENDLER;
JAMES M. TRAVERS; and STAN VASHOVSKY,

                Defendants,

              -and-

DOCGO INC.,

                Nominal Defendant.

24 Civ. 4155 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

On August 15, 2024, Plaintiff Ryne Shetterly ("Plaintiff") filed a motion seeking to transfer this case to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406(a). (*See* Dkt. #7). While Defendants have yet to appear in this action, Plaintiff's motion states that counsel for the parties have conferred, and Defendants do not oppose the motion to transfer. For the reasons that follow, the Court grants Plaintiff's motion and transfers this action to the United States District Court for the District of Delaware.

## DISCUSSION

Plaintiff claims that there were "compelling reasons" to bring this action in the Southern District of New York, including the facts that: (i) DocGo, Inc.'s ("DocGo") principal place of business is located within this District; (ii) the

allegations concern a contract awarded by the City of New York; and (iii) a related action is pending in this District. (Dkt. #7 at 2). However, DocGo's Certificate of Incorporation contains a mandatory forum selection clause, which provides:

> [T]he sole and exclusive forum for any complaint asserting any internal corporate claims ... , to the fullest extent permitted by law, and subject to applicable jurisdictional requirements, shall be the Court of Chancery of the State of Delaware (or, if the Court of Chancery does not have, or declines to accept, jurisdiction, another state court or a federal court located within the State of Delaware).

(*Id.* ¶ 3). According to Plaintiff, counsel for DocGo has represented that DocGo is unwilling to waive the enforcement of this provision. (*Id.* ¶ 4)

Generally speaking, two federal statutes — 28 U.S.C. §§ 1404(a) and 1406(a) — govern motions to transfer venue. Both allow a federal district court to transfer a case to another federal district court, so long as the transferee court is one in which the action could have initially been brought. *See Wohlbach* v. *Ziadhy*, No. 17 Civ. 5790 (ER), 2018 WL 3611928, at *3 (S.D.N.Y. July 27, 2018). However, which of the two statutes applies depends on the particular circumstances of the case.

Because Plaintiff's motion to transfer in this action rests in large part on the inclusion of a forum selection clause in DocGo's Certificate of Incorporation, the motion should be evaluated under Section 1404(a), as opposed to Section 1406(a). "A forum selection clause cannot render otherwise proper venue in a court 'wrong' or 'improper' within the meaning of § 1406(a), but such a clause may be enforced through a motion to transfer under

§ 1404(a)." *Crede CG III, Ltd.* v. *22nd Century Grp., Inc.*, No. 16 Civ. 3103 (KPF), 2017 WL 280818, at *8 (S.D.N.Y. Jan. 20, 2017) (quoting *Atl. Marine Const. Co.* v. *U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013)) (internal quotation marks omitted). It is Section 1404(a) that thus "provides [the] mechanism for enforcement of forum selection clauses" that "point to a particular federal district." *Id.* Accordingly, even though Plaintiff's motion was made pursuant to Section 1406(a), the Court will evaluate it under the appropriate standard provided by Section 1404(a).

Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought." 28 U.S.C. § 1404(a). However, "the presence of a valid forum-selection clause requires district courts to adjust their usual [Section] 1404(a) analysis," because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Sadiant, Inc.* v. *Penstock Consulting, LLC*, No. 23 Civ. 7872 (KPF), 2024 WL 2847195, at *13 (S.D.N.Y. May 30, 2024) (citations omitted). When reviewing a motion to transfer that implicates a forum selection clause, the court "[need] not consider arguments about the parties' private interests, and may consider arguments about public-interest factors only." *Id.* (quoting *Atl. Marine*, 571 U.S. at 64) (internal quotation marks omitted). Moreover, the party acting in violation of the forum selection clause "bear[s] the burden of showing that the public-interest factors

3

overwhelmingly disfavor" litigating in the forum designated in the forum selection clause because "enforcement would be unreasonable or unjust." *Id.* (citations omitted).

Here, neither party attempts to argue that enforcement of the forum selection clause is unreasonable or unjust, such that the public factors overwhelmingly disfavor proceeding in the District of Delaware. While Defendants have yet to appear in this action, the Court accept Plaintiff's counsel's representation that Defendants do not oppose the motion to transfer. (Dkt. #7 at 3 n.2). Furthermore, the Court does not believe that litigating in the District of Delaware would present an inconvenience for either party. While there is a related litigation pending in this District, the Court does not find that this related case, alone, presents "exceptional" circumstances such that a valid forum selection clause should not be given "controlling weight." *Atl. Marine*, 571 U.S. at 580. The Court also recognizes that Plaintiff's complaint is a stockholder derivative action, alleging various causes of action that the Court believes its sister court in the District of Delaware would be familiar with and well-equipped to handle. As a whole, therefore, the Court finds the totality of the circumstances and the interest of justice favor transfer.

## CONCLUSION

Accordingly, the Clerk of Court is directed to TRANSFER this action to the United States District Court for the District of Delaware. The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:    August 29, 2024
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge